IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:07CR453 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | AMENDED |
| | ) | TENTATIVE FINDINGS |
| TIMOTHY J. TUTTLE, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") in this case. The parties have not objected to the PSR. *See* Order on Sentencing Schedule, ¶ 6. The government adopted the PSR. (Filing No. 33.) The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The PSR characterizes the offense charged in Count II of the Superseding Information as a Class B misdemeanor, as the maximum term of imprisonment is 6 months. 18 U.S.C. § 3559(a)(7). However, the Court concludes that the offense is more properly more narrowly characterized as a petty offense, defined in 18 U.S.C. § 19 as a Class B misdemeanor with a fine not greater than the amount set forth for such an offense in 18 U.S.C. § 3571(b)(6) for an individual. Section 3571(b)(6) states the maximum fine for a Class B misdemeanor that does not result in death is not more than $5,000, in the case of an individual. Because this offense did result in death and would not result in a fine greater than the amount in § 3571(b)(6), this is a petty offense. Therefore supervised release does not apply to this offense. 18 U.S.C. § 3583(b)(3). Although the government did not object to the PSR, it apparently agrees that this is a petty offense because it did not advise the Defendant of a term of supervised release in the plea agreement. The Defendant was not

advised of a term of supervised release with respect to Count II at the change of plea hearing before Magistrate Judge Thalken, and Judge Thalken specifically stated that the offense was a petty offense. (Filing No. 30, at 3.)

In summary, as a petty offense the statutory penalties that apply to Count II of the Superseding Information are as follows: 0-6 months imprisonment; supervised release does not apply; 0-5 years probation; a fine of up to $5,000; both imprisonment and a fine; a special assessment of $10; and restitution as ordered (none has been identified as of this date).

IT IS ORDERED:

1. The Court's tentative findings are that the PSR is modified as stated above, with respect to the classification of Count II as a petty offense and the resulting changes in penalties for Count II;

2. The PSR must be modified before it is sent to the Bureau of Prisons;

3. The parties are notified that my tentative findings are that otherwise the PSR is correct in all respects;

4. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5. Absent submission of the information required by paragraph 4 of this Order, my tentative findings may become final; and

6. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 7th day of May, 2008.

BY THE COURT:

S/ Laurie Smith Camp
United States District Judge

5. Absent submission of the information required by paragraph 4 of this Order, my tentative findings may become final; and

6. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 7th day of May, 2008.

BY THE COURT:

S/ Laurie Smith Camp
United States District Judge